(*) WEBBER *versus* WILLIAMS *& al.*

By the statute of 1846, § § 11, 12, if a person had received payment for liquor sold by him in violation of law, the amount might be recovered of him in a suit at law by one to whom the purchaser was indebted.

In such a suit, brought against a co-partnership, there is a failure of proof, that the sale was in violation of law, if *one* of the co-partners had license to make such sales, unless it be shown, that the sale was made by the *other*.

In such a case, the presumption of law is, that the sale was made by the co- partner who had a right to make it.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

Assumpsit for money had and received.

The statute of 1846, c. 205, prohibited the sale of intoxicating liquors, except for medicinal or mechanical purposes by persons licensed therefor by the city or town authorities.

The same Act, § 11, provided, that if any person had paid for such liquors, sold in violation of the law, it should be considered a payment made without consideration, and his creditor should be allowed to recover the amount so paid, in an action for money had and received, brought in his own name, directly against the seller.

The defendants reside in Portland, and are co-partners in business. One of them, Williams, was licensed to sell liquors for medicinal and mechanical purposes, in quantities not less than twenty-eight gallons. They sold liquors to William G. Webber at different times, at each time in quantities exceeding twenty-eight gallons. The amount of sales was something over six hundred dollars, and they received payment for the same from the purchaser.

William G. Webber was indebted to this plaintiff, and this suit is brought, under the statute, to recover from the defendants the amount which they had so received of William G. Webber.

The Court are authorized by agreement of parties to draw inferences of fact, and to render judgment on nonsuit or default as the case may require.

*J. E. Godfrey*, for the plaintiff.

The license to Williams was for selling liquors for medicinal and mechanical purposes and no other. But the defendants do not undertake to show, nor does it appear, that the sales to William G. Webber were for those purposes only. The burden of excusing proof is upon the defendants. For what purposes the liquors were sold, was peculiarly within their knowledge. *State* v. *Crowell*, 25 Maine, 171; *State* v. *Whittier*, 21 Maine, 34; *Little* v. *Thompson*, 2 Greenl. 228.

The license to Williams was given to him as an individual. It was not given to the co-partners. An unlicensed member

of the company can by no means excuse himself, through a license, a mere personal trust, confided to his partner.

A co-partnership is distinct from an individual member of it. It is a different "person" in contemplation of law. Its interests are distinct. Its transactions do not issue to the advantage or detriment of one member only, but to all.

Partners are liable for a tort committed by one of them, and may be sued in trover, although there was no joint conversion in fact. One is innocent, but both are liable. *Nichol* v. *Glennie*, 1 M. & S., 588.

The case at bar is analogous to that of *Edmondson* v. *Davis*, 4 Esp. 14. In that case, debt *qui tam* was brought to recover penalties against the defendant for practicing as an attorney, without having entered a certificate. It appeared that he was a partner to one Plaisted, who did the business and had all the profits of it. But the Court held the action maintainable, as the business was done in the partnership name, and "it was the business of the office, and both would have been accountable for negligence.

The principle on which we rely was settled in *Willitt* v. *Chambly*, Cowper, 814, cited 1 Metc. 563; 1 Dane's Abr. 625, § 2.

In the case at bar, both defendants participated jointly, not separately, in the illegal sale. Both derived the benefit. The violation of law was by both.

We respectfully refer the Court to Watson on Part. 159 and 160; *Briggs* v. *Lawrence*, 1 Term. R. 454.

*Cutting*, for the defendants.

SHEPLEY, C. J. — By the eleventh section of the Act approved on August 7, 1846, a creditor of one, who has paid for spirituous liquors, "sold in violation of law," may recover the amount received therefor, by the seller, in an action for money had and received. The plaintiff, as such a creditor, has commenced this suit to recover from the defendants the amount of money received by them for liquors sold to William G. Webber, in violation of law.

The testimony proves, that the defendants, when the sales were made, were partners in business, as distillers and venders of spirituous liquors, in Portland; and that one of them, Williams, had been duly licensed in that city, to sell such liquors "at his distillery by wholesale, or in quantities not less than twenty-eight gallons, and that delivered and carried away all at one time," — "to be used for medicinal and mechanical purposes." There is no proof that the liquors were not sold to be used for such purposes. They appear to have been sold at different times during the existence of the license, at the distillery, and at each time in quantities exceeding twenty-eight gallons, delivered and carried away at one time. It does not appear, that the sales were not all made in conformity to the license; and if they were made by Williams, there would be no proof of a violation of law. The sales were made as of property of the firm. The charges were made by the firm of liquors sold to the purchaser, and payments were made to the firm. It does not appear by which member of the firm the sales were made. Each might make them, one of them might lawfully do it, the other could not. If the one, who might lawfully do it, did in fact personally make the sales, he might be wholly unable to prove it. A personal confidence was by the license reposed in Williams only, which could not be transferred by him to another, and yet he might employ a clerk, an agent, or his partner, to make such sales for him. Nor was it necessary, that he should be the sole owner of the liquors sold by him, or even that he should own any part of them. He might lawfully sell such liquors, acting as a merchandise broker for others, who might in their own names recover for their value. The facts, therefore, that the liquors were sold as the property of both defendants, and that payments were made on account thereof to them, have no tendency to prove, that the sales were not lawfully made by Williams personally, or by a clerk, agent, or partner, under his direction.

The burden of proof rests upon the plaintiff, upon the whole testimony introduced, to show that the liquors were sold in violation of law. Without it he does not exhibit a case with-

Hanson *v.* Dexter.

in the provisions of the statute.  While this is left in uncertainty, the plaintiff's case is not made out.  The most favorable aspect for the plaintiff, presented by the testimony, is, that it is as probable that they were sold by one without license as by the other under license.  In the absence of all proof, the just and legal inference is, that the sales were made by the one who might rightfully and legally make them, or by his direction, and not by one who must violate the law without any occasion for it.                    *Plaintiff nonsuit.*

TENNEY, WELLS and HOWARD, J. J., concurred.
RICE and HATHAWAY, J. J. dissented.